Daniel S. Rubin (SBN 302093)
Rubin Law, PC
3731 Wilshire Blvd., Ste. 514
Los Angeles, CA 90010
Phone 213-723-2337 | Fax 213-403-4927
DRubin@RubinLawPC.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN AJA, an individual, ERIKA AJA-PHILION, an individual, WENDY AJA TASSIN-CARTER, an individual, ROSEMARY AJA, an individual, ROMAN R. AJA, an individual, ROY AJA, an individual, KAREN AJA, an individual<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF RIVERSIDE, DEPARTMENT OF ANIMAL SERVICES IN RIVERSIDE CALIFORNIA, RIVERSIDE SHERIFF DEPARTMENT, SHERIFF-CORONER CHAD BIANCO, DEPUTY JONATHAN MILLARES, LIEUTENANT LESLEY HUENNEKEN, and DOES 1 THROUGH 200, Inclusive,<br><br>      Defendants | Case No.: 5:24-cv-2246<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 AND 42 U.S.C. 1988;<br><br>DEMAND FOR JURY TRIAL |

## **JURISDICTION AND VENUE**

1.     This case arises under 42 U.S.C. §1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

2.     Plaintiffs' claims arise out of a course of conduct involving officials from the Cities of Hemet and Winchester, in the County of Riverside, State of California, and within this judicial district.

1

3.     Plaintiffs have exhausted their remedies pursuant to Cal. Gov. § 910 et seq. by filing a Notice of Claim on April 16, 2024; and by supplementing that claim on May 7, 2024. That claim and its supplement was denied on April 25, 2024, and on May 9, 2024, respectively.

**PARTIES**

4.     Plaintiff Roman Aja was, at all times relevant hereto, is a resident of the State of California and resided within the State of California, and the County of Riverside. He brings this claim for himself personally.

5.     Plaintiff Erika Aja-Philion is the natural daughter of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of Riverside at all times herein alleged. She brings this claim for herself personally.

6.     Plaintiff Wendy Aja Tassin-Carter is the natural daughter of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of San Diego at all times herein alleged. She brings this claim for herself personally.

7.     Plaintiff Rosemary Aja is the natural daughter of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of Riverside at all times herein alleged. She brings this claim for herself personally.

8.     Plaintiff Roman R. Aja is the natural son of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of Riverside at all times herein alleged. She brings this claim for himself personally.

9.     Plaintiff Roy Aja is the natural son of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of Riverside at all times herein alleged. She brings this claim for himself personally.

10.     Plaintiff Karen Aja is the natural daughter of Mr. Aja. Plaintiff is a resident of the State of California and resided within the State of California, and the County of Riverside at all times herein alleged. She brings this claim for herself personally.

11.     Defendant County of Riverside ("Defendant County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. Defendant County is responsible for the actions,

omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of several unknown Doe Defendants, and the Sheriff's Rural Crime Team and Department of Animal Services were departments maintained, operated, supervised, staffed and run by Defendant County and its agents. Defendant County owns, operates, manages, directs and controls the Riverside County Sheriff's Department, and the Department of Animal Services which acts as an agency of Defendant County.

12.     Defendant Department of Animal Services in Riverside California (Defendant DOAS) is a public agency managed, operated, supervised or otherwise controlled by Defendant County at all times relevant hereto.

13.     Defendant Riverside Sheriff Department (Defendant Sheriff Department) is a public agency managed, operated, supervised or otherwise controlled by Defendant County at all times relevant hereto.

14.     Defendant Chad Bianco was, at all times mentioned herein, the Sheriff-Coroner for the County of Riverside ("Defendant Bianco"). Defendant Bianco was responsible for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the Riverside County Sheriff's Department, including sheriff deputies, custodial staff, counselors, advisors, managers, and supervisors; and for the implementation of policies and procedures within the Riverside County Sheriff's Department including the Riverside County Sheriff's Rural Crime Team. He was further responsible for the care, custody and control of all individuals and property searched and seized by any Sheriff Deputy. Defendant Bianco is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant Bianco's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on Plaintiffs named in this Complaint.

15. Defendant Bianco is sued here in both his official and individual capacities.

16. Defendant, Riverside Sheriff Deputy Jonathan Millares ("Deputy Millares") is a deputy officer for the Riverside County Sheriff's Department. At all relevant times, Deputy Millares was a duly authorized employee and agent of the County of Riverside, subject to oversight and supervision by Defendant County's elected and non-elected officials. At all times herein, Deputy Millares acted with authority and color of law and within the perceived course and scope of his duties as a deputy sheriff for Riverside County and with the complete authority and ratification of its principal, Defendant County. In committing the acts alleged herein, Deputy Millares operated within the scope of his respective employment as a deputy sheriff and with all the authority and color of law therein.

17. Deputy Millares is sued here in both his official and individual capacities.

18. Defendant Lesley Huenneken was, at all times mentioned herein, a Lieutenant, spokesperson and supervisor for the Department of Animal Services in the County of Riverside ("Defendant Huenneken"). Defendant Huenneken was responsible for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the Department of Animal Services in the County of Riverside ("DOAS"), including DOAS officers/agents, custodial staff, counselors, managers, and supervisors; and for the implementation of policies and procedures within the DOAS in Riverside County. He was further responsible for the care, custody and control of all individuals and property searched and seized by the DOAS. Defendant Huenneken is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant Huenneken's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on Plaintiffs named in this Complaint.

19. Defendant Lesley Huenneken is sued here in both his official and individual capacities.

20. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 200, inclusive, were employees of Defendant County and Defendant State,

4

including but not limited to, sheriff deputies, police officers and civilian staff of the Riverside County Sheriff's Department and Riverside County Department of Animal Services, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

21.     Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants. Each paragraph of this Complaint is expressly incorporated into each cause of action which is a part of this Complaint. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs.

22.     Plaintiffs are informed, believe, and thereon allege that at all times material herein, each fictitiously named Defendant, was either the true Defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

23.     Additionally, Defendants Bianco, Huenneken, and one or more of Does 1-200 are liable for Plaintiffs' injuries under federal law principles of 42 U.S.C. § 1983 supervisory liability because, in their role as supervisors, they acted, or failed to act, in a manner that was deliberately indifferent to Plaintiffs' constitutional rights, based on their knowledge of and acquiescence in unconstitutional conduct that caused Plaintiffs' injuries. *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202.

### FACTS RELEVANT TO ALL CAUSES OF ACTION

24.     At all times herein, Plaintiff, Roman Aja was residing in the State of California and over the age of 65.

25.     Beginning in September 2023 and continuing to at least May 7, 2024, agents of Riverside County via Riverside County Department of Animal Services (DOAS) and

officers/agents and Sheriff's Deputies engaged in a pattern of harassment and unlawful taking of Mr. Aja's property, culminating with conversion of all the animals in his possession.

26.     On or around September 11, 2023, Mr. Aja was cited by Defendants for "receiving stolen property" despite his advanced age and no probable cause to support the citation.

27.     The next day, Defendant officers and agents representing the County of Riverside via the DOAS and Sheriff's Deputies entered onto Mr. Aja's property without a warrant and arbitrarily seized several dogs belonging to Mr. Aja, which were not vehicles, evidence, or instruments of any cited crime and were seized without probable cause.

28.     During the period of September 12-September 16, the DOAS and Sheriff's Deputies made it virtually impossible to retrieve Mr. Aja's seized animals seeking astronomically high fees, allegedly sanctioned by the County of Riverside, for return. The animals were ultimately never returned to Mr. Aja.

29.     On or around October 18, 2023, Officer "McGee" of the DOAS entered onto Mr. Aja's property without consent and fined Roman Aja with a "kennel fee" and 16 fines for dogs stating he could only keep 4 adult dogs and any puppy under 6 months. The fee and fines were levied irrespective of Officer McGee's own knowingly recorded statement that the "Dogs looked good. I can tell you guys take care of them."

30.     On or around November 7, 2023, Officer McGee entered onto Mr. Aja's address once again without a warrant or consent with concern for one horse (of dozens) who walked with a limp. A vet came out to check on the horse and prescribed medicine and did not recommend euthanasia. Eventually Officer McGee returned weeks later and without any evidence, strongly suggested euthanizing the same animal contrary to the stated medical prognosis. Officer McGee did not follow up or return concerning this issue.

31.     Also, on or around that time, DOAS agents and Sheriff's Deputies threatened to seize several of Mr. Aja's horses without provocation or probable cause under the guise that they were being "mistreated".

32.     On November 10, 2023, Roman Aja emailed Lt. Lesley Huenneken of the DOAS to reschedule the hearing about the horses that would be potentially seized from Mr. Aja's property. His email to DOAS was ignored. DOAS held the hearing without him in a

deliberate attempt to deny him due process and take his property.

33. In November and December 2023, Riverside County Department of Animal Services (DOAS) officers/agents and Sheriff's Deputies continually harassed Mr. Aja, making unprompted regular visits to his property to ensure the horses were kept "separate" for "health reasons." No further explanation was given for this rationale. At some point during this period DOAS agents and Sheriff's Deputies learned that Mr. Aja was beginning to suffer from symptoms related to his advanced age and increased both the number of visits to his home and the onerousness of their demands necessary to avoid any further seizure of his animals.

34. Also, during this period, DOAS officers/agents and Sheriff's Deputies continually visited Roman Aja's neighbors. During each (frequent) visit, DOAS officers/agents and Sheriff's Deputies would pepper these neighbors with questions about Roman Aja. They routinely wanted to know if and how often Mr. Aja fed his animals. DOAS officers/agents told neighbors that they couldn't allow Roman Aja's horses to roam and graze on their properties even though the neighbors had provided consent for an easement. Claimants are informed and believe DOAS officers/agents also began a systematic attempt to dissuade hay companies from selling animal feed or hay designated for horses to Mr. Aja.

35. On December 17th, 2023, Roman and his daughter, Erika, went to the animal shelter for a hearing about the dogs. After the hearing, Plaintiffs tried to find homes for many of the dogs, but Defendants DOAS, its agents, DOES 1-200, and each of them, made it difficult to find the dogs homes.

36. Defendant DOAS, via its agents and DOES 1-200 indicated that Defendant DOAS would levy fines for each dog, plus before any could be given away to another person or rescue, each dog had to be spayed or neutered, vaccinated, and chipped at Plaintiffs' expense.

37. Defendant DOAS presented these obstacles to Plaintiffs to knowingly, willfully, or with reckless disregard, deter Plaintiff Roman Aja from possessing his animals, and discourage his ability to adopt or sell the animals.

38. During the week of February 12, 2024, DOAS officers/agents and other law enforcement agents of Riverside County flew drones around Mr. Aja's property without

permission.

39.    On February 15, 2024, despite his advanced age and health issues known to DOAS and agents of Riverside County, Riverside County Sheriffs arrested Roman Aja at gunpoint, without reason to do so, and while assisted by DOAS officers. In so doing, they needlessly caused Mr. Aja to experience substantial fear for his life.

40.    DOAS Agents and Sheriff's Deputies seized several horses in Plaintiff's possession claiming that each seized animal was "malnourished" despite each seized animal just having been birthed or given birth to foals.

41.    When Plaintiff's family attempted to inform the arresting officers (again) of Mr. Aja's frail condition, DOAS officers and Sheriff Deputies threatened to falsely label the entire family as "animal abusers" in a social media post, adding ominously, "...and you know people don't like animal abusers." This placed Plaintiff and his family in fear and prevented them from making any further complaints against the arresting officers and prevented them from exercising their right to free speech against wrongful search and seizure on social media pages where Defendant law enforcement departments are active.

42.    On February 15, 2024, and February 16, 2024, Claimants attempted to contact DOAS via officer Lesley Huenneken to avoid adoption or sale of their animals, and to allow an independent veterinarian to examine the seized animals but no phone calls or messages were returned. Ultimately, Mr. Aja's family and agents were denied access to the animals for independent inspection.

43.    At the same time, agents of DOAS sought to specifically increase Mr. Aja's bail amount to $2 million – a number absurdly over the amount listed in the Riverside County Bail Fee Schedule – and raised without probable cause and under the equally absurd premise that such a draconian measure was warranted for 79-year-old Mr. Aja, as he presented both a "unique and extreme danger to the community," and this was the "minimum amount" to, "assure [Plaintiff's] appearance in court."

44.    Claimants are informed and believe that after having an opportunity to inspect the value of the horses and other animals on his property and witnessing Mr. Aja's frail health as a function of his advanced age, DOAS enacted or otherwise continued a plan to remove all the animals from Mr. Aja's property for monetary benefit. To do this, officers/agents of

8

DOAS would manufacture probable cause for a citation such that the animals could be seized. If seized, claimants would be prohibited from retrieving the animals via astronomical "keeping" or "kennel" fees, or by simply ignoring claimants' communications or subsequent attempts to prevent the sale or "adoption" of the animals.

45.     On March 6, 2024, Claimants went to a DOAS office, and an officer/agent told them that he was one of the ones in charge and above Lt. Huenneken. The officer/agent then told them that DOAS should not have taken Mr. Aja's horses and not to worry that he would be getting them back.

46.     On or around March 28th, 2024, DOAS officers/agents and the Riverside County Sheriff Deputies entered onto Mr. Aja's properties and seized all of the animals in his possession. Most if not all, of these animals were healthy, and some did not belong to Mr. Aja. When an agent of Claimants asked Officer Richard Schweitzer for a warrant, he said they did not need a physical warrant on hand but if Mr. Aja could personally request one from DOAS in violation of Mr. Aja's constitutional rights. DOAS also admitted that DOAS' goal would be to get the seized horses ready for auction or adoption – knowing that Mr. Aja would be unsuccessful in retrieving his animals before he had attempted to do so.

47.     Claimants made several attempts to retrieve the seized animals from DOAS but were ignored. Claimants are informed and believe that at least some of the animals were presented for adoption or sale, while other highly valued animals were purposely diverted elsewhere to other private citizens, law enforcement officers, or other relatives of Riverside County law enforcement or DOAS officers. However, the whereabouts of those animals are presently unknown.

48.     While seizing the healthy animals, Riverside County DOAS officers/agents and Sheriff's deputies unnecessarily damaged significant portions of Mr. Aja's property and damaged items on the Mr. Aja's property that must be fixed or replaced at great cost. DOAS and other Riverside County agents publicized the seizure on social media and other news outlets, specifically and libelously classifying Mr. Aja as an "animal abuser", in an attempt to legitimize and otherwise unlawful taking of Mr. Aja's property. As a result, Claimants have received threats against their property and well-being and continue to suffer due to the actions taken by DOAS officers/agents and other officers/agents of Riverside County.

49.     On or around April 17, 2024, one day after filing their Notice of Claims with

Riverside County, Riverside County DOAS officers/agents and Sheriff's deputies entered onto a property of one of Mr. Aja's relatives and seized twenty- eight horses belonging to Mr. Aja and kept on a separate parcel of property. The officers who seized Mr. Aja's property also entered into dwellings and other areas of the property and searched each of these not specified in a warrant and caused damage to the structures and to other personal property. As of this writing, no one was charged with any crime associated with the seizure of these animals.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment)

(As to Plaintiff Roman Aja, and Against All Defendants and DOES 1-200)

50.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

51.     On or around February 15, 2024, Defendants, and each of them, while acting under color of law, unlawfully seized several horses belonging to Plaintiff Roman Aja under the guise of "animal cruelty" and thereby deprived Plaintiff of his civil rights under the Fourth Amendment.

52.     Defendant's seizure of Plaintiff's personal property was harmful, unwanted, and excessive.

53.     Defendants' conduct as described above were unreasonable, unjustified, and offensive to human dignity.

54.     The conduct of Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

55.     As a result of Defendants' conduct of Plaintiff was harmed.

56.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment)

(As to Plaintiff Roman Aja, and Against All Defendants and DOES 1-200)

57. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

58. On or around March 28, 2024, Defendants, and each of them, while acting under color of law, unlawfully seized the remaining animals belonging to Plaintiff Roman Aja residing on Mr. Aja's Grand Avenue property.

59. Defendants did not cite Plaintiffs for any additional criminal charges in reference to Defendants' seizure of Plaintiff Roman Aja's animals.

60. Defendant's seizure of Plaintiff's personal property was harmful, unwanted, and excessive.

61. Defendants' conduct as described above were unreasonable, unjustified, and offensive to human dignity.

62. The conduct of Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

63. As a result of Defendants' conduct of Plaintiff was harmed.

64. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## THIRD CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment)

(As to Plaintiff Roman Aja, and Against All Defendants and DOES 1-200)

65. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

66. On or around April 17, 2024, Defendants, and each of them, while acting under color of law, unlawfully seized the remaining animals belonging to Plaintiff Roman Aja, and which were residing on separate parcel of property.

67. Defendants did not cite Plaintiffs for any additional criminal charges in reference to

Defendants' seizure of Plaintiff Roman Aja's animals.

68. Defendant's seizure of Plaintiff's personal property was harmful, unwanted, and excessive.

69. Defendants' conduct as described above were unreasonable, unjustified, and offensive to human dignity.

70. The conduct of Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

71. As a result of Defendants' conduct of Plaintiff was harmed.

72. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FOURTH CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourteenth Amendment)

(As to Plaintiff Roman Aja, Against All Defendants and Does 1 through 200)

73. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

74. In each instance wherein Defendants seized Plaintiff's animals, Plaintiff was discouraged or denied the ability to reacquire his property once in Defendants' custody despite multiple attempts to do so.

75. Plaintiff was never afforded a hearing or ability to re-obtain his seized property. As a result, Plaintiff was denied substantial or procedural due process prior to the terminal deprivation of his property.

76. Defendants' denial of Plaintiff's substantial and procedural due process rights was harmful, unwanted, and excessive.

77. Defendants' conduct as described above were unreasonable, unjustified, and offensive to human dignity.

78. The conduct of Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of

12

exemplary and punitive damages.

79.     As a result of Defendants' conduct of Plaintiff was harmed.

80.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FIFTH CAUSE OF ACTION

### Conversion – California Civil Code §3336

(As to Plaintiff Roman Aja and Against All Defendants and Does 1 through 200)

81.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

82.     At all times here, Plaintiff Roman Aja owned or had a right to possess all the animals taken from his respective properties.

83.     Defendants and Does 1-200 and each of them, substantially interfered with Plaintiff's property by knowingly or intentionally taking wrongful possession of his animals, subsequently depriving him of access to them, and refusing to return the animals after he and his agents demanded their return.

84.     Plaintiff did not consent to the taking of his animals and property. Plaintiff Roman Aja was harmed by Defendants' taking of his property and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

89.     The conduct of Officer Chamberlain was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages

## SIXTH CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment)

(As to Plaintiff Roman Aja and Against All Defendants and Does 1 through 200)

85.     As set forth above, the Officer Defendants, including Does 1 through 200, used excessive force while detaining Plaintiff Roman Aja. The Defendant Does 1-200's use of

13

excessive force, as set forth above, was the direct and proximate cause of Plaintiff's injuries. The Supervisor Defendants, Bianco and Huenneken, and Does 101 through 200, were also an actual and proximate cause of Plaintiff's injuries, in that they failed to adequately supervise and train the Officer Defendant Does, that they recklessly disregarded the probability that this lack of supervision and training would result in the violation of constitutional rights, and this lack of supervision and training actually resulted in the violation of constitutional rights, to wit, Plaintiff's right to be free from excessive force, as well as his right to be free from punishment without due process and cruel and unusual punishment.

86.    The Defendants, while acting under color of law, deprived Plaintiff Roman Aja of his civil rights under the Fourth Amendment by acting and/or allowing each other to act in a threatening or violent manner and thereby deprived Plaintiff Roman Aja of his civil rights under the Fourth Amendment.

87.    The force used by Defendants and each of them upon Plaintiff prior to his arrest on or around February 15, 2024, was harmful, unwanted, and excessive.

88.    The force used by Defendants and each of them upon Plaintiff prior to his arrest on or around February 15, 2024, as described above, was unreasonable, unjustified, and offensive to human dignity.

89.    The conduct of Officer Chamberlain was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

90.    As a result of the conduct of Defendants, and each of them, Plaintiff was harmed.

91.    Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SEVENTH CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(Eighth Amendment)

(As to Plaintiff Roman Aja, against all Defendants and Does 1 through 200)

92.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

93. On or around February 15, 2024, Plaintiff Roman Aja was arrested pursuant to a warrant for 5 violations of PC §597(a) signed under penalty of perjury by Defendant Millares.

94. Defendant Millares also provided a Declaration in Support of Increased Bail which knowingly or recklessly misstated the maximum bail was $880,000 – well above the publicly accessible bail fee schedule for Riverside County.

95. Defendant Millares also indicated that the minimum "sufficient" bail to "assure [Plaintiff's] appearance in court" would be $2,000,000 – despite no reasonable conclusion that Plaintiff would or could be a flight risk if released from custody.

96. Defendant Millares also knowingly or recklessly provided false information in his supporting declaration to increase the likelihood that his request for increased bail would be ratified by a member of the Riverside County Judiciary.

97. Defendant Millares' declaration was then ratified by Defendants Bianco and Huenneken in their capacities as supervisors.

98. On or around February 15, 2024, Hon. F. Paul Dickerson, III signed an order to increase Plaintiff's bail to $2,000,000 – roughly ten times the amount consistent with Riverside County's bail Fee Schedule.

99. Between February 15, 2024, and February 2020, 2024, subsequent to his arrest, Plaintiff Roman Aja was a ward of the Defendant County as he was unable to pay the exorbitant bail which resulted from Defendants' wrongful conduct and thereby deprived Plaintiff of his civil rights under the Eighth Amendment.

100. But-for intervention of Counsel, Plaintiff would have remained incarcerated, unable to pay the exorbitant bail amount.

101. Defendants' conduct was harmful, unreasonable, and excessive.

102. Defendants' conduct as described above were unreasonable, unjustified, and offensive to human dignity. They were also done with deliberate indifference to the rights and safety of Plaintiff.

103. The conduct of Defendants Bianco, Millares, and Huenneken was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

104. As a result of the conduct of Defendants, Plaintiff was harmed.

105. Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were

within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

106.   Defendants, acted in a manner that was fraudulent, willful, wanton, malicious, and oppressive with reckless disregard of, or in deliberate indifference to and with the intent to deprive Plaintiff of his constitutional rights, and did in fact violate the aforementioned rights entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial in this matter.

## EIGHTH CAUSE OF ACTION

### Receiving Stolen Property – California Penal Code §496

(As to Plaintiff Roman Aja Against Defendant Does 1 through 200)

107.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

108.   Defendant Does 1-200, inclusive, and each of them, without Plaintiff's consent, bought, sold, or aided in the buying or selling, of Plaintiff Roman Aja's property or otherwise withheld or concealed from Plaintiff his property that had been wrongfully seized or wrongfully withheld from Plaintiff

109.   Defendant Does 1-200, inclusive, and each of them, without Plaintiff's consent, bought, sold, or aided in the buying or selling, of Plaintiff Roman Aja's property or otherwise withheld or concealed from Plaintiff his property that had been wrongfully seized after knowing it was wrongfully seized or wrongfully withheld from Plaintiff.

110.   Plaintiff was harmed by Defendant Does 1-200's wrongful buying, selling, withholding, or aid in the wrongful buying, selling, or withholding of his property.

111.   The conduct of Defendants 1-200 and each of them, was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary, treble, and punitive damages.

## NINTH CAUSE OF ACTION

### (Elder Abuse – California Civil Code § 3345)

(As to Plaintiff Roman Aja and Against All Defendants and Does 1 through 200)

112.   Plaintiff incorporates by reference each and every allegation contained in the foregoing

paragraphs as if re-alleged herein.

113. At all times herein, Plaintiff Roman Aja was over the age of 65.

114. Defendants, and each of them, learned of Plaintiff's advanced age and medical symptoms related to his advanced age prior to their conduct.

115. Defendants, and each of them, conspired to appropriate, appropriated, retained, assisted in the appropriation and retention, and/or otherwise ratified the appropriation and retention of each of Plaintiff's animals living on his property, all of which held great market value, sentimental value, or both.

116. Defendants and each of them appropriated, retained, assisted in the appropriation and retention, and/or otherwise ratified the appropriation and retention of each of Plaintiff's animals under color of law, with the intent to knowingly, recklessly, and/or fraudulently prevent Plaintiff from recovering the value of his property.

117. Defendants and each of them appropriated, retained, assisted in the appropriation and retention, and/or otherwise ratified the appropriation and retention of each of Plaintiff's animals under color of law, for wrongful use.

118. Defendants and each of them knew or should have known Plaintiff would be harmed by Defendants' conduct, and defendants' conduct was a substantial factor in causing Plaintiff's harm.

119. Defendants, acted in a manner that was fraudulent, willful, wanton, malicious, and oppressive with reckless disregard of, or in deliberate indifference to and with the intent to deprive Plaintiff of his constitutional rights, and did in fact violate the aforementioned rights entitling Plaintiff to exemplary, treble, and punitive damages in an amount to be proven at the trial in this matter.

## TENTH CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

(First Amendment)

(As to All Plaintiffs Against All Defendants and Does 1-200)

120. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

121. The entity defendants, individual defendants and Doe defendants, while acting under color of law, deprived Plaintiffs of their civil rights under the First Amendment by acting and/or

17

allowing each other to act in a threatening or violent manner and otherwise engaging in conduct that inhibited Plaintiffs' freedoms of speech and right to petition for redress of grievances and to complain about Plaintiff Roman Aja's treatment by the Defendants prior to being incarcerated, while in custody, and subsequent to his release on bond, and that such actions undertaken by defendants would chill a person of ordinary firmness from continuing to engage in freedom of speech.

122.    The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power that shock the conscience. They are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

123.    The conduct of entity defendants, individual defendants, and Doe defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiffs.

124.    Plaintiffs specifically allege that Defendants' complained of acts and/or omissions were within each of their control, and within the feasibility of each of them to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiffs.

125.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiffs suffered extreme and severe mental anguish, and were injured as alleged above, entitling them to recover compensatory and punitive damages (except as to the entity defendants) according to proof.

### ELEVENTH CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom, Practice, or Policy 42 U.S.C. § 1983**

(As to all Plaintiffs and Against Defendant County and DOES 1 through 200)

126.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

127.    The individual defendants and Doe defendants acted under color of law and within the course and scope of their employment by Defendant County, Defendant DOAS, and Defendant Sheriff Department.

128.    The individual defendants and Doe defendants deprived Plaintiffs of their particular rights under the First, Fourth, Eighth, and Fourteenth Amendments, as alleged above.

129.    Plaintiffs are informed and believes, and thereon allege that, at all times herein mentioned, Defendants County, DOAS, and Sheriff's Department, the relevant policy makers, Defendant Bianco and Huenneken, and relevant County officials, whether named or unnamed (hereinafter referred collectively as the entity defendants) maintain or tolerate unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiffs' rights under the First, Fourth, Eight, and Fourteenth Amendment, as alleged above.

130.    The policies, customs, and practices described above are also evidenced by the victimization of Plaintiffs by Defendants as described above.

131.    Entity defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiffs and others similarly situated.

132.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the aforementioned defendants, Plaintiffs were injured and sustained damages as alleged above. Accordingly, Plaintiffs seeks compensatory and punitive damages.

### TWELFTH CAUSE OF ACTION
### Supervisory Liability –42 U.S.C. § 1983
(As to all Plaintiffs and Against Defendants Bianco and Huenneken, and Does 1 through 200)

133.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

134.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants Does 1 through 200 were acting within the course and scope of their employment with the entity and County Defendants, inclusive.

135.    At all relevant times herein, Defendants Bianco, Huenneken, and Defendant Does 1-200 were responsible for the management and administration of Defendant DOAS and Defendant Sheriff's Department, respectively, and for the selection, promotion, supervision, oversight, training, discipline and retention of personnel assigned to same, including of officers, agents, deputies, managers, and other staff and supervisors.

136.    Pursuant to California law and their respective supervisorial duties, Defendants Bianco, Huenneken, and Defendant Does 1-200 are sued here in their individual capacities, as supervisors for their own culpable action or inaction in the supervision or control of their subordinates, or their acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendants' affirmative conduct involve their knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which they knew, or reasonably should have known, would cause others to inflict injuries, including constitutional injury, on Plaintiffs.

137.    At all times herein, Defendants Bianco, Huenneken, and Defendant Does 1-200, inclusive, owed a duty of care to the public in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside County Sheriff's Department, which further includes officers, agents, deputies, managers, and other staff and supervisors.

138.    Defendants Bianco, Huenneken, and Defendant Does 1-200, inclusive, failed to act reasonably in the hiring, retention, and supervision of their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside County Sheriff's Department, which further includes officers, agents, deputies, managers, and other staff and supervisors, thereby breaching their duty to hire, retain, and supervise their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside County Sheriff's Department, which further includes officers, agents, deputies, managers, and other staff and supervisors, in a reasonable manner.

139.    Plaintiffs are informed, believe, and thereon allege, that in doing the acts as heretofore alleged, Defendants Bianco, Huenneken, and Defendant Does 1-200, inclusive, knew, or in the exercise of reasonable diligence should have known, that their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside County Sheriff's Department, which further includes officers, agents, deputies, managers, and other staff and supervisors, were unfit to perform the duties for which they were employed, and that an undue risk to persons, such as Plaintiffs, would exist because of said employment.

140.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the aforementioned Defendants, Plaintiffs were injured and sustained damages as alleged above. Accordingly, Plaintiffs seek compensatory and punitive damages.

## THIRTEENTH CAUSE OF ACTION

### Municipal Liability – Unconstitutional Custom, Practice, or Policy 42 U.S.C. § 1983

(As to all Plaintiffs and Against Defendant County and DOES 1 through 200)

141.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

142.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants and Defendant Does 1 through 200 were acting within the course and scope of their employment with Defendants, inclusive.

143.    At all times herein, Defendants and Does 1 through 200 were aware that Defendants were engaging in violations of Plaintiffs' constitutional rights under their respective color of authority. Despite this, Defendant County, the DOAS, the Riverside County Sheriff's Department and its agents, including defendants Does 1 through 200, failed to remove the offending officers, agents, and deputies from the field, failed to monitor the offending officers, agents, and deputies, failed to investigate the same officers, agents, and deputies, and otherwise failed to admonish, punish, thwart, or reprimand these officers, agents, and deputies for their illegal behavior.

144.    Rather, Defendant County, the DOAS, Defendant Sheriff Department and its agents, deputies and officers, including Defendants Does 1 through 200, allowed the continued violations to Plaintiffs' rights.

145.    Plaintiffs are informed and believe, and thereon allege, that Defendant Does 1 through 200 were employees and/or agents of Defendant County. At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County.

146.    Defendants Bianco and Huenneken were responsible for the management and administration of Defendant entities and for the selection, promotion, supervision, oversight, training, discipline and retention of personnel assigned to each, including officers, agents, deputies, managers, and other staff and supervisors at all relevant times herein.

147.    Pursuant to California law and their respective supervisorial duties, Defendants Bianco and Huenneken are sued here in their individual capacities, as supervisors for their own culpable action or inaction in the training, supervision or control of their subordinates, or their acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that

showed reckless or callous indifference for others. Defendants' affirmative conduct involve their knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which they knew, or reasonably should have known, would cause others to inflict injuries, including constitutional injury, on Plaintiffs.

148. At all times herein, Defendant County, and Defendants Bianco, Huenneken, and Defendant Does 1 through 200, inclusive, owed a duty of care to the public in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside County Sheriff's Department, which further includes officers, deputies, agents, managers, other staff and supervisors.

149. Defendant County, Defendants Bianco, Huenneken, and Defendant Does 1 through 200, inclusive, failed to act reasonably in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside Sheriff's Department, including agents, employees, servants, and/or independent contractors, other staff and supervisors, thereby breaching their duty to hire, retain, supervise and train their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside Sheriff's Department, including officers, agents, deputies, managers, other staff and supervisors, in a reasonable manner.

150. Plaintiff is informed, believes, and thereon alleges, that in doing the acts as heretofore alleged, Defendant County, Defendants Bianco, Huenneken, and Defendant Does 1 through 200, inclusive, knew, or in the exercise of reasonable diligence should have known, that their agents, employees, servants, and/or independent contractors, which they assigned to work within the DOAS and Riverside Sheriff's Department, including officers, agents, deputies, managers, other staff and supervisors, were unfit to perform the duties for which they were employed, and that an undue risk to persons, such as Plaintiffs, would exist because of said employment.

151. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies, and decisions of the aforementioned defendants, Plaintiffs were injured and sustained damages as alleged above. Accordingly, Plaintiffs seek compensatory and punitive damages.

///

///

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

1. For general and compensatory damages, in a sum according to proof at trial;

2. For special damages in an amount according to proof;

3. For punitive, treble and exemplary damages against each individual and Doe Defendant, but not against Defendant County or State, in an amount according to proof;

4. For interest as allowed by law;

5. For cost of suit including attorney's fees pursuant to 42 U.S.C. § 1988; and

6. For such other and further relief as the court may deem proper.


**RUBIN LAW, PC.**

DATED: October 21, 2024                    By:

                                        _Daniel S. Rubin_____
                                        Daniel S. Rubin
                                        Attorneys for Plaintiffs


### **JURY DEMAND**

Plaintiff hereby demands trial by Jury on all issues so triable.


**RUBIN LAW, PC.**

DATED: October 21, 2021                    By:

                                        _Daniel S. Rubin_____
                                        Daniel S. Rubin
                                        Attorneys for Plaintiffs

23